UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | | |
|---|---|---|
| J. BERRA ENGINEERING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:04-cv-543 |
| | ) | |
| v. | ) | Honorable Joseph G. Scoville |
| | ) | |
| MICHIGAN ASSOCIATION OF | ) | |
| SCHOOL BOARDS, et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

In this civil action, defendants have counterclaimed for false patent marketing under 35 U.S.C. § 292. Plaintiff has moved for "protection from claim interpretation briefing," arguing that the request for claim interpretation by defendants is "unnecessary, unwarranted, and irrelevant to a claim for false marking." In support of its motion to preclude all briefing on claim construction, plaintiff relies on a single case, *Advanced Magnetic Closure, Inc. v. Rome Fastener Corp.*, No. 98cv7766, 2005 WL 1241896 (S.D.N.Y. May 24, 2005). In that unpublished decision, the district court found that claim construction is inappropriate in a false marking case, because the applicable test "is not whether the product sold by the defendant fails to 'read on' the claim of the patent but whether the defendant had an honest belief that the patent covered the articles marked." 2005 WL 1241896, at * 10. In the view of the district court, even if defendant's product was not covered by the patent, defendant could not be held liable for false marking absent a showing that defendant knew the patent did not cover the item marked. *Id.*

Simultaneously with the filing of plaintiff's motion, defendant Allegan County Intermediate School District filed a motion and brief seeking construction of several terms in the '271 and '408 patents. In support of its motion, defendant cited the published Federal Circuit case *Clontech Labs, Inc. v. Invitrogen Corp.*, 406 F.3d 1347 (Fed. Cir. 2005). In *Clontech*, the Federal Circuit clearly holds that the first step in determining if an article is "unpatented" for purposes of section 292 is a determination "whether the claims of a patent cover the article in question. To make that determination, the claim in question must be interpreted to ascertain its correct scope, and then it must be ascertained if the claim reads on the article in question." 406 F.3d 1352. Assuming that an article is mismarked as "patented" because the claims of the cited patent do not read on the article, the claimant must go on to prove *scienter*, that is, that the party accused of false marking did not have a reasonable belief that the articles were properly marked. *Id.* at 1352-53. The *Clontech* court criticized the district judge's failure to interpret claim language and vacated the judgment for that reason. *Id.* at 1355. *Clontech* squarely supports defendant's request for a claim interpretation and is fatal to plaintiff's motion.

The Southern District of New York may be forgiven for failing to cite *Clontech*, which was handed down only six days before the *Advanced Magnetic Closure* case was decided. Plaintiff's attorneys, however, have no such excuse. *Clontech* is controlling authority from the relevant Court of Appeals. The motion now before the court was filed on January 16, 2006, more than eight months after the Federal Circuit decided *Clontech*. The same electronic research tools that allowed plaintiff's attorneys to discover the unpublished *Advanced Magnetic Closure* decision should obviously have led them to *Clontech*. An attorney should not knowingly fail to disclose to a tribunal controlling legal authority, even if it is directly adverse to the position of the client. *See*

MICH. R. PROF. COND. 3.3(a)(3). The court will presume at this juncture that counsel's position was motivated by neglect and carelessness, and not by wilfulness.

For the foregoing reasons, plaintiff's motion for protection from claim interpretation briefing (docket # 92) is hereby DENIED. Claim construction is a necessary first step on the counterclaim. If plaintiff truly believes that claim construction is not material to the outcome, because the dispositive issue is *scienter*, plaintiff may acquiesce in the claim construction advanced by defendant and therefore relieve itself of the burden of addressing the issue. If plaintiff wishes to contest defendant's motion, plaintiff may file a responsive brief to defendant's motion for claim construction no later than **February 17, 2006**. The court will hear defendant's motion for claim interpretation on February 28, 2006, at 9:30 a.m., at the same time as the pending motion for summary judgment.

DONE AND ORDERED this 19th day of January, 2006.

/s/  Joseph G. Scoville
United States Magistrate Judge